**NOT FOR PUBLICATION**

MAY 20 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUI-QIN ZHU,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 11-72491<br><br>Agency No. A076-342-360<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2013[**]

Before: LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Hui-Qin Zhu, a native and citizen of China, petitions for review of the Board
of Immigration Appeals' ("BIA") order denying her motion to reopen. We have
jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion a motion to
reopen, *Lin v. Holder*, 588 F.3d 981, 984 (9th Cir. 2009), and we deny the petition
for review.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The BIA did not abuse its discretion in denying Zhu's third motion to reopen as untimely and number-barred because it was filed over twelve years after the agency's final administrative decision and Zhu did not show changed circumstances in China in order to qualify for the regulatory exception to the filing deadline. *See* 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii); *Lin*, 588 F.3d at 988–89 (record did not show material change in enforcement of family planning laws sufficient to establish changed country conditions and excuse an untimely motion to reopen); *He v. Gonzales*, 501 F.3d 1128, 1132 (9th Cir. 2007) (a change in personal circumstances does not establish changed country conditions). We reject Zhu's contention that the BIA's case law indicates a change in China. We also reject Zhu's contention that the BIA did not consider all the evidence she submitted. *See Lin*, 588 F.3d at 987 ("[A]lthough the BIA must consider a petitioner's evidence of changed country conditions, it need not expressly refute on the record every single piece of evidence."). In light of our conclusion, we do not reach Zhu's remaining contentions.

Finally, we deny Zhu's request for judicial notice. *See Fisher v. INS,* 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

**PETITION FOR REVIEW DENIED.**